UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JANE DOE,**<br><br>Plaintiff,<br><br>v.<br><br>**STATE OF NEW JERSEY, ERNESTO ESCOBAR, and JOHN AND JANE DOES,**<br><br>Defendants. | Civil Action No. 24-9531 (BRM) (MAH)<br><br><br>**OPINION** |

**HAMMER, United States Magistrate Judge**

This matter comes before the Court by way of Plaintiff's motion for leave to proceed under pseudonym and to file under seal. Mot. for Leave to Proceed Under Pseudonym, Sept. 30, 2024, D.E. 3. The motion is unopposed, and Defendants have yet to answer Plaintiff's Complaint. The motion has considered Plaintiff's submission, applicable caselaw, and the record, and decides the motion without oral argument. *See* Fed. R. Civ. P. 78; L. Civ. R. 78.1. For the reasons set forth herein, Plaintiff's motion is granted.

I. **BACKGROUND**

On September 30, 2024, Plaintiff filed a Complaint alleging that she was sexually assaulted by a corrections officer while she was incarcerated at Edna Mahan Correctional Facility for Women ("EMCF"). Compl., Sept. 30, 2024, D.E. 1, ¶¶ 1, 16. Plaintiff brings this action under the New Jersey Tort Claims Act, N.J.S.A. 59:2-2, et seq., 28 U.S.C. § 1346, et seq., 42 U.S.C. § 1983, and the Eighth and Fourth Amendments of the United States Constitution. Compl., ¶ 4.

Plaintiff filed the instant application concurrently with her Complaint. Mot. for Leave to Proceed Under Pseudonym, D.E. 3. Plaintiff contends that because she is the victim of sexual

crimes and there is an inherent risk of retaliation, proceeding in this action anonymously is necessary. *Id.* at 3. Further, Plaintiff is willing to disclose her identity under seal. *Id.* at 4. Thus, Defendants will not be prejudiced if Plaintiff is permitted to proceed under a pseudonym. *Id.*

### II.    LEGAL STANDARD AND ANALYSIS

A core component of the American judicial system is that judicial proceedings should be conducted in public. *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011). As such, Federal Rule of Civil Procedure 10(a) requires that all parties identify themselves in pleadings. Fed. R. Civ. P. 10(a). However, courts have recognized that under limited circumstances a party may proceed via pseudonym "where disclosure of the litigant's identity creates a risk of 'extreme distress or danger[.]'" *Doe v. Oshrin*, 299 F.R.D. 100, 102 (D.N.J. 2014).

The Third Circuit has adopted a nine-factor test to evaluate whether a party should be permitted to proceed anonymously referred to as the *Provident Life* factors. *Megless*, 654 F.3d at 408, 410 (citing *Doe v. Provident Life and Acc. Ins. Co.*, 176 F.R.D. 464, 467 (E.D. Pa. 1997)). The court must determine whether "a litigant's reasonable fear of severe harm outweighs the public's interest in open judicial proceedings." *Id.* The six factors that, if found, weigh in favor of anonymity include:

> (1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives.

*Id.* at 409. It is not enough "[t]hat a plaintiff may suffer embarrassment or economic harm." *Id.* (citing *Doe v. C.A.R.S. Protection Plus, Inc.*, 527 F.3d 358, 371 n.2 (3d Cir. 2008)); *see Liberty*

*Media Holdings, LLC v. Swarm Sharing Hash File*, No. 11-10802, 2011 WL 5161453, at *7 (D. Mass. Oct. 31, 2011) (citation, alteration, and quotation marks omitted) (stating that "mere embarrassment is not sufficient to override the strong public interest in disclosure"). The three factors weighing against proceeding anonymously include:

> (1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3) whether opposition to pseudonym by counsel, the public, or the press is illegitimately motivated.

*Id.* Because "each case presents a slightly different list of factors for courts to consider," these factors are not exhaustive. *Id.* at 408.

Courts must exercise their discretion in weighing the strong public interest in open litigation with the need for a litigant to proceed anonymously. "Exceptional circumstances justify the use of a pseudonym when a reasonable fear of severe harm outweighs the strong public interest in open litigation." *Doe v. Princeton Univ.*, No. 20-4352, 2020 WL 3962268, at *2 (D.N.J. July 13, 2020). Proceeding under a pseudonym is generally permitted in matters involving "abortion, birth control, transsexuality, mental illness, welfare rights of illegitimate children, AIDS, and homosexuality" as well as cases involving victims of sexual assault. *Provident Life and Acc. Ins. Co.*, 176 F.R.D. at 467 (quoting *Doe v. Borough of Morrisville*, 130 F.R.D. 612, 614 (E.D. Pa. 1990)).

In light of these principles, the Court addresses each factor in turn.

### A. Factors Weighing in Favor of Anonymity

As to the factors weighing in favor of proceeding anonymously, Plaintiff has demonstrated "the bases upon which disclosure is feared or sought to be avoided, and the

3

substantiality of these bases" and that the circumstances warrant Plaintiff proceeding under a pseudonym.

In considering the first factor, the Court must examine the extent to which Plaintiff's anonymity has been maintained. *See Megless*, 654 F.3d at 407, 410. This factor does not support granting a motion to proceed anonymously where Plaintiff's identity has not been kept confidential. *Id.* (finding that plaintiff's identity had not been kept confidential because prior to the litigation defendant shared plaintiff's name and other characteristics on a flyer). Plaintiff's identity has been confidential, here, from the onset of this litigation. It is apparent that Plaintiff has made a significant effort to maintain her anonymity. *Doe v. Rutgers*, No. 18-12952, 2019 WL 1967021, at *1 (D.N.J. Apr. 30, 2019) (concluding that this factor weighs in favor of plaintiffs "who 'make substantial efforts to maintain anonymity' and '[l]imit disclosure of sensitive information to few other people'"). Accordingly, the Court finds that this factor weighs for Plaintiff's use of a pseudonym.

The second factor examines the substantiality of Plaintiff's fear of public disclosure. *See Megless*, 654 F.3d at 410. This factor heavily weighs in favor of Plaintiff's request given the nature of her claims. Plaintiff is alleging she was sexually assaulted by a corrections officer while she was incarcerated and worked in the cafeteria at EMCF. Compl., D.E. 1, ¶¶ 15-16. Requests to proceed anonymously are granted in only exceptional circumstances, as is the case here. *Oshrin*, 299 F.R.D. at 102. For example, in *Doe v. Princeton University*, this District determined that this factor weighed in favor of the plaintiff because of his status as an alleged victim of sexual assault. *Doe v. Princeton Univ.*, No. 19-7853, 2019 WL 5587327, at *4 (D.N.J. Oct. 30, 2019); *see also Doe v. Trishul Consultancy, LLC*, No. 18-16468, 2019 WL 4750078, at *4 (D.N.J. Sept. 30, 2019) (finding this factor weighs in favor of granting anonymity because

4

disclosure of the sexual assault victim's identity carries a concrete risk of severe emotional harm and revictimization). Plaintiff is alleging she is a victim of sexual assault and is thus within a vulnerable class worthy of protected status, thus the second factor weighs in her favor. *See Doe v. Princeton Univ.*, 2019 WL 5587327, at *4 (stating that a plaintiff's claim against the defendant included "allegations in which he is a victim of sexual assault" and thus determined the third factor weighed in favor of the plaintiff).

With respect to the third factor, the Court must consider the magnitude of the public interest in maintaining the confidentiality of the litigant's identity. *Megless*, 654 F.3d at 410. Specifically, the Court must determine whether "if this litigant is forced to reveal his or her name, will other similarly situated litigants be deterred from litigating claims that the public would like to have litigated." *Id.* Indeed, the public may have an interest in preserving "when the litigant belongs to a particularly vulnerable class, when the subject matter is highly personal, or when undesirable consequences will flow from revealing the identity of a litigant." *Doe v. Princeton Univ.*, 2020 WL 3962268, at *4. Thus, this factor weights in favor of granting Plaintiff's motion.

The fourth factor considers "whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities." *Megless*, 654 F.3d at 409; *see also L.A. v. Hoffman*, No. 14-6985, 2015 WL 4461852, *2 (D.N.J. July 21, 2025) (finding it appropriate to grant plaintiffs' request to proceed anonymously where plaintiffs raised a constitutional challenge to a statute as it applied generally to a class of people, a purely legal question, rather than how the statute applied to each plaintiff based on the facts and circumstances of each plaintiff). Conversely, where a claim is predominantly fact-dependent, this factor weighs against anonymity. *See Doe v. Rider*

*University*, No. 16-4882, 2018 WL 3756950, *6 (D.N.J. Aug. 7, 2018) (finding this factor weighs against anonymity because unlike *Hoffman*, plaintiff's claims were fact-dependent). Plaintiff's claims are largely fact dependent. Thus, the Court cannot find that this factor weighs in favor of granting Plaintiff's request to proceed under a pseudonym.

Turning to the fifth factor, the Court must determine whether "the undesirability of an outcome adverse to the pseudonymous party and attributable to [her] refusal to pursue the case at the price of being publicly identified." *Megless*, 654 F.3d at 409. In other words, if the Court denies Plaintiff's motion to proceed anonymously, will Plaintiff continue to pursue her claim so that it can be decided on the merits or will she drop her claim. *Megless*, 654 F.3d at 410. Plaintiff did not specifically address this factor. Plaintiff states that she "is highly concerned about the risk of retaliation for challenging the aforementioned violations." Br. in Supp. of Mot. to Proceed Under Pseudonym, D.E. 3-1, at 3. Because Plaintiff does not state that she will drop this case if she is not permitted to proceed anonymously, the Court finds that this factor does not weigh in favor of permitting Plaintiff to proceed anonymously.

With respect to the sixth factor, this Court finds that there is no evidence to demonstrate that Plaintiff is seeking to use a pseudonym for an illegitimate or ulterior motive. *Megless*, 654 F.3d at 411. Plaintiff contends that she fears retaliation given the nature of her claims. Considering Plaintiff's allegations, these fears are reasonable. The Court finds no reason to believe that Plaintiff has an illegitimate or ulterior motive in seeking anonymity. Accordingly, this factor has no bearing on this Court's determination. *See Megless*, 654 F.3d at 411.

### B.    Factors Weighing Against Anonymity

As to the factors weighing against proceeding anonymously, the Court first considers whether "the universal level of public interest in access to the" litigants' identities. *Megless*, 654

F.3d at 409.  The public generally has a high level of interest in knowing litigants' identities.  *See Princeton Univ.*, 2019 WL 5587327, at *6 (citing *Doe v. Temple Univ.*, No. 14-4729 (E.D. Pa. Sept. 3, 2014)).  Publicness is an essential aspect of any judicial proceeding.  *Megless*, 654 F.3d at 408.  Indeed, people have a right to know who is using their courts.  *Id.*  Thus, this factor weighs against granting Plaintiff's motion.

Next, the Court considers "whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained." *Megless*, 654 F.3d at 409.  Unfortunately, the subject matter of this litigation is common.  *See Doe v. Rider Univ.*, No. 16-4882, 2018 WL 3756950, at *7 (D.N.J. Aug. 7, 2018).  Further, Plaintiff is not a public figure.  There is not a heightened public interest beyond the public's typically strong interest in public proceedings.  Thus, the Court cannot find that this factor weighs against Plaintiff's request to proceed anonymously.

Lastly, the Court considers "whether opposition to pseudonym by counsel, the public or the press is illegitimately motivated." *Megless*, 654 F.3d at 409.  As discussed, Defendants have not submitted an opposition to Plaintiff's motion.  Thus, this factor has no bearing on the Court's analysis.

Considering the *Provident Life* factors, the Court concludes, on balance, the factors weigh in favor of allowing Plaintiff to proceed anonymously through the use of a pseudonym.  Plaintiff claims that she is a victim of sexual assault and, in turn, fears retaliation.  This District has previously found that circumstances, such as these, outweigh the importance of open judicial proceedings.  *See Rutgers*, 2019 WL 1967021, at *4; *Princeton Univ.*, 2019 WL 5587327, at *6. Thus, Plaintiff shall continue to be referred to as "Jane Doe."

### IV.  CONCLUSION

For the reasons stated above, Plaintiff's motion to proceed under a pseudonym and to file under seal is granted. Plaintiff shall be referred to as "Jane Doe" in this matter and any filings which contain Plaintiff's identity shall be filed under seal. An appropriate order shall accompany this Opinion.

*s/ Michael A. Hammer*
**United States Magistrate Judge**

Dated: November 25, 2024.